UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAX HAWKINS,

        Petitioner,                          Case Number 2:08-cv-12281
                                               Hon. Gerald E. Rosen
v.                                       Chief United States District Court Judge

JEFFREY WOODS,

        Respondent,
_____/

**OPINION AND ORDER DENYING DENYING PETITION FOR WRIT OF HABEAS
CORPUS, AND GRANTING A CERTIFICATE OF APPEALABILITY AND LEAVE TO
APPEAL IN FORMA PAUPERIS**

        This matter is on remand from the United States Court of Appeals for the Sixth Circuit. The

directed this Court to reconsider Petitioner's ineffective-assistance-of-counsel claim in light of an

affidavit provided by Petitioner to the State courts that was not included in the record filed with this

Court.

        Petitioner was convicted in the Wayne Circuit Court of first-degree murder and lesser

offenses. He filed his petition for a writ of habeas corpus on April 28, 2008, asserting that his trial

attorney provided ineffective assistance of counsel by failing to call alibi witnesses at his trial.

        The Court denied the petition on January 11, 2011, finding in part that Petitioner's claim was

without merit because he did not provide the state court with any offer of proof regarding his claim.

Petitioner appealed this decision to the Sixth Circuit. During the appeal, counsel for Petitioner

discovered that Petitioner had filed his own affidavit in support of his claim in the state courts, but

Respondent had failed to include it in the portion of the state court record filed with this Court. In

light of this discovery, the Sixth Circuit remanded the case back to this Court to reconsider

Petitioner's claim. Specifically, the Court found: because these documents may have a bearing on

the district court's resolution of Hawkins's ineffective-assistance- of-counsel claim, remand is appropriate." *Hawkins v. Rivard*, Order, No. 11-1147 (6th Cir. Feb. 18, 2014). The parties have filed supplemental briefs, and the matter is now ready for decision.

## I. Background

The facts relevant to the issue remanded for the Court's consideration concern Petitioner's direct appeal. During the jury selection process, defense counsel told the trial judge that he would not be calling the witnesses listed in Petitioner's notice of alibi because they had not been cooperative. Later at trial, counsel again stated that the alibi witnesses would not be called, and Petitioner indicated that he agreed.

After Petitioner filed his claim of appeal in the Michigan Court of Appeals, he filed a pro se motion to remand the case back to the trial court for the purpose of obtaining an evidentiary hearing to develop a record in support of his ineffective-assistance-of-counsel claim. He attached his own affidavit to the motion. The affidavit alleges that he informed his attorney before trial that he had alibi witnesses he wished to call. He also alleges that telephone records would corroborate his claim that he was not at the scene of the crime. According to the affidavit, his attorney told him that he would investigate the matter, but on the eve of trial counsel told him that the witnesses had been uncooperative and would not be called. Petitioner objected, but his counsel told him that the "wheels were in motion" and that he would proceed without the witnesses. The affidavit also states that Petitioner learned that two of his alibi witnesses were unwilling to testify on his behalf because they had familial ties with the surviving victim. After the first day of trial Petitioner spoke with his fiancee -- a third alibi witness -- who indicated that defense counsel had lied to him, that she was willing to testify, and defense counsel's private detective did not interview any of the witnesses

because they could not agree on a time to collectively meet. Petitioner also alleged in his affidavit that he wanted to testify about his whereabouts during the time of the shooting, but defense counsel instead chose to put him at the scene of the crime and assert that he did not participate in the crime.

The Michigan Court of Appeals denied Petitioner's pro se motion to remand, "pursuant to Michigan Court Rule 7.211(C)(1) . . . for failure to persuade the Court of the need for a remand at this time." *People v. Hawkins*, Order, No. 262699 (Mich. Ct. App. April 19, 2006). The rule relied upon by the court of appeals, Rule 7.211(C)(1), creates the authority for the court of appeals to order a remand, and it sets forth the requirements for the motion–including the necessity for the motion to be accompanied by an affidavit or offer of proof regarding the facts that need development. Then, in what Petitioner describes as a "whipsaw," the Michigan Court of Appeals affirmed Petitioner's conviction and denied relief with respect to Petitioner's claim by finding that "there is no evidence in the lower court record to support the assertion [that there was a conflict between his counsel's strategy and his own version of events," and "defense counsel stated that he had investigated the alibi witnesses and found that none of them were cooperative." *People v. Hawkins*, No. 262677, *3 (Mich. Ct. App. Oct. 19, 2006).

## II. Analysis

Petitioner asserts that the state court's failure to hold an evidentiary hearing on Petitioner's ineffective-assistance of counsel claim itself violated due process. He further argues that given the full record, the state court's conclusion that his claim was without merit was objectively unreasonable in light of the clearly established Supreme Court standard. Respondent contends that the state court did not err in failing to grant an evidentiary hearing, and that Petitioner has not demonstrated that his counsel was ineffective.

**1. Failure to Hold Evidentiary Hearing in State Court**

Petitioner asserts that the state court's failure to hold an evidentiary hearing on his ineffective-assistance-of-counsel claim violated his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

While it is true that Petitioner supported his motion for remand with his own affidavit, he did not provide an offer of proof or affidavits from the uncalled witnesses nor records from the phone company. Self-serving affidavits are regarded with extreme suspicion. *Thomas v. Perry*, 553 Fed. Appx. 485, 487 (6th Cir. Mich. 2014); *United States v. Bass*, 460 F.3d 830, 839 (6th Cir. 2006). Moreover, the affidavit does not allege that the uncalled witnesses actually would have testified at a remand hearing or that they would testify in the manner Petitioner alleges. Petitioner offered no evidence to the Michigan courts or to this Court beyond his own assertions as to whether his witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of those allegations, Petitioner failed to establish that at an evidentiary hearing he could demonstrate that his counsel was ineffective. See *Clark v. Waller*, 490 F. 3d 551, 557 (6th Cir. 2007); *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000); but see *Clinkscale v. Carter*, 375 F.3d 430, 443-444 (6th Cir. 2004) (panel unable to locate any authority requiring Petitioner to supply affidavits of uncalled alibi witnesses).

Beyond this, Petitioner's affidavit suggests that at an evidentiary hearing he would only have sought to testify on his own behalf that the alibi witnesses would have testified, and that they would have testified favorably to his defense. Of course, such testimony by Petitioner would have constituted inadmissible hearsay. See Michigan Rule of Evidence 802.  The weight of the affidavit

is diminished by the fact that it is based on hearsay. *Terrell v. Pfister*, 443 Fed. Appx. 188, 194 (7th Cir. 2011). In any event, the Sixth Circuit has held that a state court need not consider inadmissible evidence in deciding an ineffective assistance claim. *Stewart v. Wolfenbarger*, 468 F.3d 338, 353 (6th Cir. 2006).

Furthermore, in *Lint v. Prelesnik*, the Sixth Circuit held that the Petitioner had not sufficiently supported his ineffective-assistance-of-counsel claim where the only evidence he provided was his own self-serving statement and hearsay statements. *Id.*, 542 Fed. Appx. 472, 483 (6th Cir. Mich. 2013). It follows that the failure of the state court to hold an evidentiary hearing on his ineffective-assistance-of-counsel claim, in which Petitioner would have primarily relied on inadmissible hearsay, did not offend notions of due process.

Petitioner relies on two cases to demonstrate that he was entitled to a hearing in the state court. First, in *Panetti v. Quarterman*, 551 U.S. 930 (2007), a death penalty case, the Supreme Court found that the state court violated clearly established federal law when it failed to hold a hearing under *Ford v. Wainwright*, 477 U.S. 399 (1986), to determine the petitioner's competency to be executed. *Panetti* is inapplicable to this case because *Ford* itself required that a hearing be held on the competency issue. By contrast, here there is no clearly established Supreme Court law, and Petitioner cites none, that a hearing is required to adjudicate an ineffective-assistance-of-counsel claim. *Harris v. Haeberlin*, 752 F.3d 1054 (6th Cir. 2014), is similarly inapplicable. In that case, the Sixth Circuit found that the state court had erred by denying the petitioner a hearing on his claim that prosecutors at his state trial had exercised certain peremptory strikes in a racially discriminatory manner. *See Batson v. Kentucky,* 476 U.S. 79 (1986). After finding that a *Batson* violation has occurred, the Court ordered that an evidentiary hearing be conducted to remedy the violation. By

contrast, here no violation of Petitioner's right to the effective assistance of counsel has been found. In fact, the Sixth Circuit has found that there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel–even on direct appeal. See *Hayes v. Prelesnik*, 193 Fed. App'x 577, 584-85 (6th Cir. 2006); *Washington v. Hoffner*, 2013 U.S. Dist. LEXIS 163232, 31-32 ( E.D. Mich. July 1, 2013).

Petitioner also relies on several Michigan cases to support his claim that a hearing was required. These cases do not concern federal constitutional requirements and in any event have no bearing here. It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court may grant a writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Finally, Petitioner contends that the state court's failure to hold a hearing but then proceeding to make findings of fact in deciding Petitioner's claim constituted an unreasonable determination of the facts in light of the evidence presented contrary to 28 U.S.C. § 2254(d)(2), entitling him to relief. Petitioner cites no precedent holding that the failure to hold an evidentiary hearing on an ineffective-assistance-of-counsel claim by itself may entitle a Petitioner to habeas relief under § 2254(d)(2). In fact, the Sixth Circuit has held to the contrary. See *Cowans v. Bagley*, 639 F.3d 241, 236-48 (6th Cir. 2011) ("Nothing in § 2254(d)(2) . . . suggests we defer to a state court's factual findings only if the state court held a hearing on the issue.").

Nor is Petitioner entitled to a hearing in this Court or to otherwise expand the record. Petitioner attached two affidavits from proposed alibi witness–Knowles and Gibson–to his habeas

-6-

petition. The affidavits are dated in 2007, after the completion of Petitioner's direct appeal, and they therefore could not have been part of the record before the state courts. The United States Supreme Court made it clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). Consequently, Petitioner is precluded from introducing into the habeas proceeding information that was not presented to the state courts. See, e.g., *Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012) (stating that even if a court conducted an evidentiary hearing on a claim adjudicated by the state court, it would have to "disregard newly obtained evidence"). These two affidavits, therefore, cannot be considered by the Court.

Accordingly, Petitioner has failed to demonstrate that he was entitled to a hearing in the state court, or that the failure to hold a hearing violated due process.

## 2. Merits of Ineffective-Assistance-of-Counsel Claim

Given the record properly before the Court, Petitioner has failed to demonstrate that he was denied the effective assistance of counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

As to the performance prong, Petitioner must identify acts that were "outside the wide range

of professionally competent assistance" in order to prove deficient performance. *Strickland*, 466 U.S. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. Petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id*. at 689.

To satisfy the prejudice prong under *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id*. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective-assistance-of-counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state-appellate courts reviewing their performance. "The standards created by *Strickland* and [section] 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S.Ct. at 788 (internal and end citations omitted). "When [section] 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*.

Here, during the jury selection process, defense counsel stated that he was no longer planing to call alibi witnesses. He stated "I investigated it and saw that none of them were cooperative." Tr.

-8-

4-4-05, at 3-4. Then at the close of the prosecutor's case, defense counsel again indicated to the court that he had submitted a witness list, but stated "I already put on the record at the beginning of the case that I wasn't planning on calling them. And I want to confirm with Mr. Hawkins his agreement that I'm not to call them." Petitioner indicated his agreement. T 4-6-05, at 76-77. With respect to

the cell phone records, a representative from Nextel was listed on the prosecutor's witness list. The prosecutor stated that her remaining endorsed witnesses would be cumulative, and defense counsel agreed to waive them. Id., at 75.

As stated, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. According defense counsel this presumption, his failure to call alibi witnesses to testify at Petitioner's trial may have been a matter of reasonable trial strategy, and thus did not constitute ineffective assistance of counsel. Counsel indicated on the record that he would not call the witnesses because they were uncooperative. It was not unreasonable to refrain from calling witnesses who might not testify as Petitioner desired. In fact, Petitioner's own affidavit indicates that some of the witnesses had connections to the surviving victim. Counsel instead reasonably chose to rely on discrediting the prosecution's witnesses by challenging their credibility and the strength of the surviving victim's identification of Petitioner as his assailant. See *Hale v. Davis*, 512 F. App'x 516, 522 (6th Cir. 2013) (citation omitted) ("To support a defense argument that the prosecution has not proved its case it sometimes is better to try to cast pervasive suspicion of doubt than to strive to prove a certainty that exonerates . . . . In light of the record here there was no basis to rule that the state court's determination was unreasonable.").

Trial counsel may also have chosen not to call the alibi witnesses because they were related to or close to Petitioner, and therefore the jury may not have viewed them as credible. See *Stadler v. Berghuis*, 483 F. App'x 173, 176-177 (6th Cir. 2012) (finding that defense counsel's strategic decision not to pursue an alibi defense given his concerns about family members' credibility was reasonable).

Counsel was also not ineffective for failing to call Petitioner as a witness in his own defense. When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000). A trial court has no duty to inquire sua sponte whether a defendant knowingly, voluntarily, or intelligently waives his right to testify. *United States v. Webber*, 208 F. 3d 545, 551-52 (6th Cir. 2000). Waiver of the right to testify may be inferred from a defendant's conduct. Here, Petitioner did not alert the trial court at the time of trial that he wanted to testify. Thus, his failure to do so constitutes a waiver of this right. *Id*. Because the record properly before the Court is devoid of any indication by Petitioner that he disagreed with counsel's advice that he should not testify, Petitioner has not overcome the presumption that he willingly agreed to counsel's advice not to testify or that his counsel rendered ineffective assistance of counsel. *Gonzales*, 233 F. 3d at 357.

The adjudication by the state courts rejecting Petitioner's claim is therefore unassailable on habeas review given the limitations of review place on the Court by § 2254(d). The factual basis Petitioner asserted was that his counsel had failed to investigate and call certain witnesses at trial. While it is true that counsel "must engage in a reasonable investigation or come to a defensible decision that a particular investigation is unnecessary," *Strickland*, 466 U.S. at 691, "[a] *Strickland* claim based on counsel's failure to investigate a potential witness requires a specific, affirmative

-10-

showing of what the missing witness's testimony would be, and this typically requires at least an affidavit from the overlooked witness." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012). The state court was not provided with affidavits other than his self-serving one. Based on the record properly before the Court therefore, Petitioner's conclusory allegations do not satisfy the standard for obtaining habeas relief under § 2254(d). The petition will therefore be denied.

### III. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.  The Court concludes that a certificate of appealability is warranted in this case because reasonable jurists could debate the Court's assessment of Petitioner's claim. The Court will also grant permission to appeal in forma paueris.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

-11-

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **GRANTED.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 26, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 26, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

-12-